UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLINN SURNSON,<br>Plaintiff,<br>v.<br>SAN JOAQUIN COUNTY SUPERIOR COURT, et al.,<br>Defendants. | No. 2:26-cv-2973 CSK P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a county jail inmate, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's request for court intervention, motion for temporary restraining order and motion for injunction. (ECF Nos. 6, 7, 8.) For the reasons that follow, this Court recommends that plaintiff's pending request and motions be denied.

**I. LEGAL STANDARD FOR INJUNCTIVE RELIEF**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. <u>See</u> <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To

obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. See Winter, 555 U.S. at 20 (2008). A plaintiff seeking a preliminary injunction bears the burden of proving these elements. See Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009).

## II. PLAINTIFF'S COMPLAINT

Plaintiff is incarcerated in the San Joaquin County Jail. (See docket.) Plaintiff filed his complaint on September 3, 2026. (ECF No. 1.) This Court has not yet screened plaintiff's complaint. Plaintiff's complaint is filed on a civil rights complaint form and contains two cover pages. The first cover page is titled, "Habeas Corpus Lawsuit." (Id. at 1.) The second cover page is titled, "Civil Rights Lawsuit." (Id. at 2.) Both cover pages have "rough draft" written in the upper left hand corner. (Id. at 1, 2.) Plaintiff identifies the defendants in this action as Judge Eagle, Public Defender Everett, District Attorney Mahood and the San Joaquin County Superior Court. (Id. at 3.) Plaintiff claims that he is unlawfully imprisoned due to mistaken identity and false accusations made in Nevada County. (Id. at 4.) Plaintiff claims that while incarcerated in the San Joaquin County Jail, he cannot get the Public Defender, the Judge or the District Attorney to grant plaintiff a continuance so that plaintiff may file a Marsden motion, a Faretta motion, a habeas corpus action and a civil rights lawsuit against them. (Id.) As relief, plaintiff requests that this court dismiss the false charges against plaintiff and order plaintiff's release from jail. (Id.) Plaintiff claims that he has been wrongly imprisoned for almost twelve years and has been attacked so many times that he is now half blind, partially paralyzed and all of his teeth are broken. (Id.) Plaintiff claims that he has been bleeding profusely for two years and has atrophied to the point that he will die at any moment. (Id.)

## III. PLAINTIFF'S REQUEST FOR COURT INTERVENTION

On October 1, 2026, plaintiff filed his pleading docketed as request for court intervention. (ECF No. 6.) In this pleading, plaintiff claims that he has been wrongfully imprisoned for twelve years. (Id. at 2.) Plaintiff claims that his right to a speedy trial is being violated by Doctor

Wilson who has "denounced" plaintiff as incompetent to stand trial without ever giving plaintiff a competency test. (Id.) Plaintiff requests that this court order Doctor Wilson to give plaintiff a competency test. (Id.) Plaintiff also requests that this court order Doctor Torres to give plaintiff a competency test. (Id.) Plaintiff claims that both Doctor Wilson and Doctor Torres must be disqualified from practicing both law and medicine in order to prevent them from sending plaintiff to a state hospital where plaintiff will be murdered. (Id. at 3.) Plaintiff also claims that the Nevada County Public Guardian has a Lanterman-Petris Short ("LPS") conservatorship hold on plaintiff which has allowed the Nevada County Public Guardian to defraud the Internal Revenue Service. (Id.) Plaintiff claims that 2.5 years ago, the Nevada County Public Guardian put plaintiff in a facility where plaintiff was badly attacked. (Id.) Plaintiff claims that the San Joaquin County Superior Court has refused to put plaintiff on a Murphy's conservatorship because the Nevada County Superior Court has plaintiff on a LPS conservatorship, which plaintiff has asked to be removed from at least ten times. (Id. at 3-4.) Plaintiff claims that San Joaquin County is trying to force plaintiff back to Nevada County where plaintiff will be murdered. (Id. at 4.) Plaintiff requests that this court cancel his Nevada County LPS conservatorship. (Id.)

## IV. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On October 8, 2026, plaintiff filed a pleading docketed as motion for temporary restraining order and request for forms. (ECF No. 7.) In this document, plaintiff requests that the court send him various documents. (Id. at 2.) This Court will not address the request for documents in these findings and recommendations. In a statement at the end of this pleading, plaintiff claims that the Nevada County Public Guardian falsely claims that "they have" an LPS conservatorship of plaintiff. (Id. at 3.) Plaintiff claims that the LPS conservatorship was revoked 2.5 years ago. (Id.) Plaintiff claims that plaintiff was "all but murdered by them" and Doctor Wilson, who "denounced" plaintiff as incompetent to stand trial without giving plaintiff a competency test. (Id.) Plaintiff also claims that Doctor Torres "denounced" plaintiff as incompetent to stand trial without giving plaintiff a competency test. (Id.) Plaintiff requests a temporary restraining order to prevent plaintiff from being returned to the Nevada County State

Hospital where his life is in danger. (Id.)

## V. PLAINTIFF'S MOTION FOR INJUNCTION

In the caption of the motion for injunction, plaintiff identifies as defendants the Nevada County Public Guardian, Nevada County Superior Court, Public Defender Larry Montgomery, Doctor Wilson, Doctor Torres and the San Joaquin County Superior Court. (ECF No. 8 at 1.) Plaintiff claims that the Nevada County Superior Court and Nevada County Public Guardian have no LPS conservatorship as to plaintiff. (Id. at 2.) Plaintiff claims that the San Joaquin County Superior Court has no Murphy's Conservatorship as to plaintiff. (Id.) Plaintiff claims that the Nevada County Superior Court, Nevada County Public Guardian and San Joaquin County Superior Court want to put plaintiff into the Nevada County State Hospital where they will murder plaintiff. (Id.)

## VI. DISCUSSION

For the following reasons, this Court recommends that plaintiff's request for court intervention, motion for temporary restraining order and motion for injunction be denied. A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method to challenge the conditions of confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991). This Court first finds that plaintiff may not bring a habeas corpus petition and a civil rights complaint in one action. While plaintiff includes a cover page identifying this action as a habeas corpus petition, plaintiff has filled out a civil rights complaint form. (ECF No. 1 at 2-4.) For this reason, this Court will preliminarily construe this action as a civil rights action. The court does not have the authority in this civil rights action to order the relief sought by plaintiff in the complaint, i.e., the dismissal of criminal charges and an order for plaintiff's release from jail. For this reason, this Court finds that plaintiff has not shown a likelihood of success on the merits of the claims raised in this action, and the pending request and motions should be denied on these grounds.

In an abundance of caution, this Court further recommends that the pending request and

motions be denied on the grounds that they raise claims that are not raised in the complaint. The pending request and motions raise claims regarding competency proceedings, an LPS conservatorship and a Murphy's conservatorship. Plaintiff's complaint filed in the instant action claims that plaintiff is wrongfully imprisoned because of mistaken identity and false accusations made in Nevada County. Plaintiff also claims that plaintiff was denied the opportunity to file a Marsden motion, a Faretta motion, a habeas corpus petition and a civil rights action against defendants Judge Eagle, Public Defender Everett and District Attorney Mahood, apparently in his San Joaquin County criminal case. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Center, 810 F.3d 631, 633 (9th Cir. 2015). This Court recommends that plaintiff's request for court intervention, motion for a temporary restraining order and motion for injunction be denied because they seek injunctive relief based on claims not pled in the complaint.

## VII. NOTICE OF IMMINENT DANGER

On October 9, 2026, plaintiff filed a pleading docketed as "Notice of Imminent Danger and Request for Forms." (ECF No. 9.) This pleading is a letter addressed to the Office of the Clerk of the Court. (Id. at 1.) In this pleading, plaintiff claims that he has been wrongfully imprisoned for twelve years. (Id.) Plaintiff requests instructions regarding how to prepare and file motions and requests for court orders. (Id.) This request is denied as it appears to seek legal advice, which the court is not permitted to dispense. At the conclusion of this letter, plaintiff writes, "I am in imminent danger of serious physical injury again!" (Id.) This claim is unsupported. For this reason, this Court will not construe plaintiff's Notice of Imminent Danger and Request for Forms as a request for injunctive relief, and no further orders will issue addressing the Notice of Imminent Danger and Request for Forms.

## VIII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this action.

2. Plaintiff's Notice of Imminent Danger and Request for Forms (ECF No. 9) is deemed

resolved.

Further, IT IS HEREBY RECOMMENDED that plaintiff's request for court intervention (ECF No. 6), motion for temporary restraining order (ECF No. 7) and motion for injunction (ECF No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Surn2973.tro/2